Gandía, Plaintiff and Respondent, *v.* Cabán, Defendant and Appellant.

Appeal from the District Court of Aguadilla in an Action of Unlawful Detainer.

No. 1277.—Decided July 20, 1915.

Unlawful Detainer—Ownership—Conflict of Titles.—When the question is one of ownership and conflict of titles it is not a proper question to be decided in the summary proceedings of an action of unlawful detainer but should be considered within the wider scope of an ordinary action.

Id. — Tenant at Sufferance — Ownership. — When in an action of unlawful detainer against a tenant at sufferance the defendant alleges in his answer that he does not hold possession in such capacity but holds as owner and introduces evidence which tends to show that his possession is not at sufferance, the action of unlawful detainer should not be sustained.

The facts are stated in the opinion.

*Mr. Enrique Marquez Huertas* for the appellant.

*Mr. A. Suliveres* for the respondent.

Mr. Justice del Toro delivered the opinion of the court.

This is an action of unlawful detainer. The complaint alleges, in synopsis, that the plaintiff, a resident and merchant of Arecibo, is the owner of a house in San Sebastián which the defendant has been occupying and using for some time without paying any rent or other consideration, and that on repeated occasions he has given notice to the said defendant to vacate the house, which she has refused to do.

In her answer the defendant admitted the allegation regarding the civil status of the plaintiff and denied the others, alleging also the following, in brief, as special grounds of defense:

That the house referred to in the complaint is and always has been owned exclusively by the defendant and her mother, Zoila Cabán, widow of Cabán; that the said house was built with the private funds of Juan Tomás Cabán, defendant's father; that Cabăn died while the house was being built and it was finished after his death with money out of the estate; that during the construction of the house Santiago, the husband of the defendant, superintended the same merely as the husband and representative of the defendant; that the plaintiff has never entered into the possession of the house; that in 1913 the husband of the defendant brought an action for divorce against the defendant and moved to Arecibo, and with the object of depriving the defendant of the house in question and acquiring it after the divorce, he arranged with the plaintiff in this suit, his friend, to bring an action against him for $2,200 in which the said house was levied on; that the defendant, who resides in the judicial district of Aguadilla, was not made a party to the action of debt and had no notice of it until just before the sale of the house levied on; that on the day of the sale the defendant informed the plaintiff that the house belonged exclusively to her and her mother and filed a complaint in intervention; that the plaintiff instituted possessory title proceedings in which it was shown that he had acquired the house at a public sale under execution against Angel Santiago and recorded said title in the registry of property.

The case went to trial and the parties introduced evidence in support of their respective claims.

The evidence of the plaintiff tends to show that the house in question was sold to him at public auction in a certain action of debt which he prosecuted against Angel Santiago, the husband of the defendant, to recover the sum of $2,200.

The house was bid in by him for the sum of $100. The theory of the plaintiff is, apparently, that the house belonged to the conjugal partnership composed of the said Santiago and his wife, the defendant, the said partnership being liable for the debt contracted by the husband. We say apparently because in the plaintiff's evidence itself (testimony of Angel Santiago) there are statements tending to prove that the house did not belong to the said conjugal partnership, but was the private property of the husband, Angel Santiago, he having built it out of his private funds derived from the liquidation of a certain mercantile partnership which he had entered into with the father of the defendant.

On the other hand, the evidence of the defendant tends to show that the said house was built on a lot belonging to the municipality of San Sebastián with lumber belonging to the estate of her father, Juan Tomás Cabán, and with the proceeds of the sale of cattle and other property also belonging to the estate of her said father; that when the house was sold it did not appear recorded in the registry of property; that the defendant and her husband Santiago lived apart, there being an action for divorce pending between them; that in such circumstances the action of debt was brought against her husband, who allowed judgment to be entered by default and who testified in the action of unlawful detainer entirely in favor of the plaintiff.

As may be seen from the brief summary which we have made of the pleadings and the evidence, the questions involved in this case are not proper questions to be decided in the summary proceedings of an action of unlawful detainer, but rather are such as should be considered within the wider scope of an ordinary action. A question of real ownership and of a conflict of titles is involved and this court has repeatedly laid down the doctrine that when in an action of unlawful detainer against a tenant at sufference the defendant alleges in his answer that he does not hold possession in such capacity but holds as owner and introduces evidence which

apparently shows that his possession is not at sufferance, the action of unlawful detainer should not be sustained. *Miranda* v. *Cameron et al.,* 19 P. R. R., 488, and cases cited.

Therefore, the judgment appealed from should be reversed and another rendered dismissing the action of unlawful detainer without special imposition of costs and reserving to the plaintiff such rights as he may have, to be asserted in the proper manner.

*Reversed and complaint dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.